IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:19CR91**

**DEVIN A.J. WALCOTT,**

Petitioner.

MEMORANDUM OPINION

Devin A.J. Walcott, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 41).[1] By Memorandum Order entered on December 11, 2025, the Court directed Walcott to show cause as to why his § 2255 Motion should not be dismissed as untimely under 28 U.S.C. § 2255(f). (ECF No. 45, at 2.) Walcott has not filed any response.

### I.  PROCEDURAL HISTORY

On June 19, 2019, a grand jury returned a three-count Indictment against Walcott, charging him with (1) conspiracy to steal firearms from a licensed dealer, in violation of 18 U.S.C. § 924(m) (Count One); (2) Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and, (3) use of a firearm by brandishing during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 2 (Count Three). (ECF No. 1, at 1–3.) On August 29, 2019, Walcott pleaded guilty to Counts Two and Three of the Indictment. (ECF No. 17; *see* ECF No. 18.) On December 2, 2019, the Court entered Judgment and sentenced Walcott to 107 months of incarceration. (ECF No. 26; *see* EFC No. 28.) The Court specifically sentenced Walcott to serve

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from the Walcott's submissions.

twenty-three-months as to Count Two and eighty-four-months as to Count Three, with the terms to be served consecutively. (*Id.*) Walcott did not appeal.

On August 13, 2024, Walcott filed his § 2255 Motion, (ECF No. 41, at 12),[2] and a Memorandum in Support, (ECF No. 42). Walcott identifies three claims in his § 2255 Motion and expounds on two of them in the Memorandum:

| | |
|---|---|
| Claim One: | Walcott's counsel was ineffective for incorrectly advising him that he could be convicted for Hobbs Act Robbery even if he "wasn't the principal defendant nor had he ever possessed a firearm much less brandished one." (ECF No. 42, at 1; *see* ECF No. 41, at 4.) |
| Claim Two: | "Statutory penalties for A&A charge." (ECF No. 41, at 5.) |
| Claim Three: | Walcott was assessed two criminal history points for acts committed while he was a juvenile, acts that can no longer be considered due to "recently passed legislation" that applies retroactively. (ECF No. 42, at 2; *see* ECF No. 41, at 7.) |

## II.   ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] This is the date that Walcott indicates that he placed his § 2255 Motion in the prison mailing system. (ECF No. 41, at 12.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Court entered judgment against Walcott on Monday, December 2, 2019, the date of sentencing. (*See* ECF Nos. 26, 28.) Because Walcott did not appeal, his convictions became final on Monday, December 16, 2019. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Accordingly, Walcott had until December 16, 2020, to file any motion under 28 U.S.C. § 2255. He did not do so until August 13, 2024. As a result, Walcott's § 2255 Motion is untimely unless he demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or some equitable basis for avoiding the limitation period. He has failed to do so.

As already stated, Walcott did not respond to the Court's December 11, 2025 order to show cause. What's more, in his § 2255 Motion, Walcott does not identify any possible basis for equitable tolling. He does, however, identify in passing a possible basis for belated commencement, stating that the § 2255 Motion should not be barred due to "newly discovered law supporting 2255(a)(4)." (ECF No. 41, at 11.) Because Section 2255(a) does not contain any subsections, the Court assumes that Walcott instead intended to invoke § 2255(f)(4). This subsection, however, does not provide relief for a petitioner's belated discovery of a legal basis on which to challenge his conviction or sentence. Rather, this subsection provides for calculation of the limitations period based on the "date on which the *facts* supporting the claim or claims

3

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added). As a result, to the extent Walcott seeks relief under based on the allegedly retroactively applicable, "recently passed legislation" he refers to in the § 2255 Motion, (ECF No. 42, at 2; *see* ECF No. 41, at 11), he is not entitled to relief.[3]

Accordingly, the § 2255 Motion, (ECF No. 41), is barred by the statute of limitations and will be DENIED.

### III. CONCLUSION

The § 2255 Motion, (ECF No. 41), will be DENIED. A certificate of appealability will be DENIED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 3 March 2026
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[3] As an aside, Walcott does not name this law, and neither the Court nor the government have been able to identify it. (*See* ECF No. 44, at 10 ("The United States is not aware of such a law.").)